KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
William M. Goodman (SBN 61305)
wgoodman@kasowitz.com
101 California Street, Suite 2050
San Francisco, CA 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

Attorneys for Defendants

# UNITED DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| GOLDENE SOMERVILLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STRYKER ORTHOPAEDICS (aka STRYKER ORTHOPEDICS; aka STRYKER ORTHOPEDICS, INC.); HOWMEDICA OSTEONICS CORPORATION; STRYKER CORPORATION; and STRYKER SALES CORPORATION,<br><br>Defendants. | Case No: 08-cv-02443-JCS<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: July 11, 2008<br>Time: 9:30 a.m.<br>Room: A, 15th Floor<br>Judge: Hon. Joseph C. Spero |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on July 11, 2008, at 9:30 a.m. in Courtroom A of the above-entitled court, or as soon thereafter as the matter may be heard, Defendants Stryker Orthopaedics; Howmedica Osteonics Corporation; Stryker Corporation; and Stryker Sales Corporation (collectively "Stryker"), by and through their counsel, hereby move to dismiss the Complaint in this action pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

This motion is made on the grounds that:

1) The Complaint fails to state a cause of action for violations of California Business & Professions Code section 16700, *et seq*. (the "Cartwright Act") because the

i
MOTION TO DISMISS                                                                                           08-cv-02443-JCS

1         Complaint does not allege facts demonstrating that Stryker was part of a
conspiracy in violation of the Cartwright Act.

    2)       The Complaint fails to state a cause of action for violations of California Business and Professions Code section 17200, *et seq*. ("Section 17200"), because (a) the Complaint does not allege facts to show injury in fact or causation, (b) the Complaint does not allege facts warranting an award of restitution, and (c) the Complaint does not allege facts warranting the requested injunctive relief and, in addition, the Court should abstain from adjudicating that injunction because, in view of the extensive, ongoing regulation and monitoring already implemented by federal authorities specifically to redress the very "kickback schemes" underlying all of plaintiff's claims, the requested injunctive relief would be pointless, burdensome, and likely counterproductive.

    This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of William M. Goodman in Support of Motion to Dismiss, the records on file in this action, and on such other and further evidence and argument as the Court may permit in connection with this motion.

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND AND SUMMARY OF PLAINTIFF'S CLAIMS ............................................ 2

ARGUMENT ................................................................................................................................ 4

    I.    THE COURT SHOULD DISMISS COUNT ONE OF THE COMPLAINT BECAUSE PLAINTIFF FAILS TO PLEAD FACTS PLAUSIBLY SUGGESTING THAT STRYKER WAS PART OF A CONSPIRACY IN VIOLATION OF THE CARTWRIGHT ACT. ....................................................... 5

        A.    Applicable Legal Standard .......................................................................... 5

        B.    Plaintiff Fails To Plead Facts Plausibly Suggesting That Stryker Was Part Of A Conspiracy In Violation Of The Cartwright Act ................ 7

    II.    THE COURT SHOULD DISMISS COUNT TWO OF THE COMPLAINT BECAUSE IT FAILS TO PLEAD FACTS REFLECTING THAT STRYKER'S ALLEGED MISCONDUCT CAUSED PLAINTIFF ANY INJURY IN FACT OR THAT SHE IS ENTITLED TO ANY RELIEF UNDER THE UNFAIR COMPETITION LAW ................................... 8

        A.    The Complaint Fails to Allege Facts Showing Either Injury in Fact or Causation ............................................................................................... 9

        B.    The Complaint Fails to Allege Facts Warranting an Award of Restitution ................................................................................................. 10

        C.    The Complaint Reflects that the Requested Injunctive Relief is Barred As a Matter of Law and, in Addition, that Abstention is Warranted by the Extensive Regulation, Redress, and Monitoring of the Alleged Kickback Schemes Already Implemented by Federal Authorities .................................................................................. 10

    III.   THE CLASS CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF DOES NOT PLEAD THAT SHE IS A MEMBER OF THE PURPORTED CLASS ..................................................................................... 13

CONCLUSION ........................................................................................................................... 14

# TABLE OF AUTHORITIES

**CASES**

*Adams v. Johnson*, 355 F.3d 1179 (9th Cir. 2004) ........................................................................ 4

*Alvarado v. Selma Convalescent Hosp.*, 153 Cal. App. 4th 1292 (2007) ..................................... 12

*Bell Atlantic Business Systems v. Hitachi Data Systems Corp.*, 849 F. Supp. 702
    (N.D. Cal. 1994) .................................................................................................................. 7

*Bell Atlantic Corp v. Twombly* (*"Twombly"*), 127 S.Ct. 1955 (2007) ........................................... 5

*Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209 (1993) ........................ 5

*Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363 (2001), *review denied*, (2002) ........................ 5

*Chicago Title Ins. Co. v. Great Western Financial Corp.*, 69 Cal. 2d 305 (1968) ........................ 4

*Coast Cities Truck Sales, Inc. v. Navistar Internat. Transportation Co.*, 912 F. Supp.
    747 (D.N.J. 1995) ................................................................................................................ 7

*Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984) ..................................... 5, 7

*Day v. AT & T Corp.*, 63 Cal. App. 4th 325 (1998) ...................................................................... 10

*Desert Healthcare Dist. v. PacifiCare FHP, Inc.*, 94 Cal. App. 4th 781 (2001) .......................... 12

*Diaz v. Kay-Dix Ranch*, 9 Cal. App. 3d 588 (1970) ..................................................................... 12

*Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997 (2005) ............................. 10

*Freeman v. San Diego Ass'n of Realtors*, 77 Cal. App. 4th 171 (1999) .................................... 5, 7

*Hall v. Time, Inc.*, 158 Cal. App. 4th 847 (2008) ....................................................................... 8, 9

*Holden v. Hagopian*, 978 F.2d 1115 (9th Cir. 1992) .................................................................... 4

*In re Late Fee and Over-Limit Fee Litigation*, 528 F.Supp.2d 953 (N.D. Cal. 2007) .................... 8

*J.P. Morgan & Co., Inc. v. Superior Court*, 113 Cal. App. 4th 195 (2003) ................................ 13

*Korea Kumho Petrochemical v. Flexsys America LP*, 2008 WL 686834,
    (N.D. Cal. March 11, 2008) ................................................................................................ 8

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th at 1152 ............................................ 8, 9

*Marin County Bd. of Realtors v. Palsson*, 16 Cal. 3d 920 (1976) ................................................ 5

*McGlinchy v. Shell Chem. Co.*, 845 F.2d 802 (9th Cir. 1988) ....................................................... 4

*Palmer v. Gotta Have It Golf Collectibles, Inc.*, 106 F. Supp .2d 1289 (S.D. Fla. 2000) .............. 7

*People ex rel. Dept. of Transportation v. Naegele Outdoor Advertising Co.*, 38 Cal. 3d 509 (1985) .................................................................................................................................. 12

*Reynolds v. Bement*, 36 Cal. 4th 1075 (2005) ............................................................................... 7

*Shamsian v. Department of Conservation*, 136 Cal. App. 4th 621 (2006) ................................. 11

*Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125 (3d Cir. 1995) ................................. 8

*Smilecare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780 (9th Cir.), *cert. denied*, 519 U.S. 1028 (1996) ................................................................................................ 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499 (2007) .......................................... 11

*Williams v. I.B. Fischer Nevada*, 999 F.2d 445, 447 (9th Cir. 1993) ............................................ 8

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ..................................................................................................... 8

Cartwright Act, Cal. Bus. & Prof. Code §§ 16700 ......................................................................... 3

Fed. R. Civ. P. 23(a) ..................................................................................................................... 13

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 11

**OTHER AUTHORITIES**

Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007) ................................................................ 11

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Stryker Orthopaedics, Howmedica Osteonics Corporation, Stryker Corporation and Stryker Sales Corporation (collectively, "Stryker") submit this brief in support of their motion pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint for failure to state claims upon which relief may be granted.[1]

## PRELIMINARY STATEMENT

This class action is brought by Goldene Somerville, a resident of California who underwent hip replacement surgeries in June 2003 and May 2005 and who alleges one or more Stryker products were implanted or otherwise used in her surgeries. Plaintiff does not allege that she did not want the Stryker products, or that they were defective. Rather, plaintiff claims those products were overpriced because around the time of her surgeries, Stryker allegedly violated California's antitrust laws by engaging in a conspiracy with unknown coconspirators, pursuant to an unidentified agreement. Plaintiff also asserts this "conspiracy" violated California's Unfair Competition Law, although plaintiff fails to describe how any of the alleged acts injured her.

The Complaint does not even remotely describe a conspiracy. Plaintiff alleges only that Stryker and its competitors in the hip and knee replacement market were each engaged in separate kickback agreements with surgeons. While baldly asserting this conduct was part of a conspiracy, plaintiff identifies neither the other purported co-conspirators nor any agreement among them and Stryker. At most, the Complaint alleges that Stryker and its competitors, motivated by independent self-interest, were engaged in parallel behavior.

Parallel behavior fails to state a claim under California's antitrust statute. While the Complaint bandies about conclusory buzzwords like "conspiracy" and "collusive," it fails to

---

[1] Somerville's Complaint makes the same allegations as Plaintiff Haggarty's Complaint against Stryker in *Haggarty v. Stryker Orthopadics, et. al.*; Case No. 08-cv-01609-JCS. On May 22, 2008, Stryker filed a motion to dismiss Haggarty's Complaint. That motion is also set to be heard on July 11, 2008. Because Somerville's allegations are the same as Haggarty's allegations, the arguments set forth in this motion are virtually identical to the arguments set forth in Stryker's motion to dismiss the Haggarty Complaint.

plead – as is required to state a claim under California's antitrust laws – *facts* plausibly suggesting that separate, independent entities combined their efforts and engaged in an unlawful conspiracy to restrain trade.  Courts have routinely dismissed virtually identical claims, and plaintiff's first cause of action should likewise be dismissed as a matter of law.

The Court should also dismiss plaintiff's second cause of action, brought under California's Unfair Competition Law ("Section 17200"), because the Complaint fails to allege that Stryker caused plaintiff any injury in fact or that plaintiff is entitled to any relief under Section 17200, by way of either injunction or restitution.  More specifically: (1) Plaintiff has failed to plead the requisite "causation" or "injury in fact" because she has alleged no facts reflecting she suffered any injury *at all*, much less as a result of Stryker's alleged misconduct; (2) that and plaintiff's failure to allege that the out-of-pocket expenses she allegedly paid for her hip replacement surgeries were paid for any Stryker product or benefited Stryker in any way preclude any award of restitution under Section 17200; (3) plaintiff's failure to adequately allege any conspiracy or direct injury from the alleged misconduct also precludes the injunctive relief she seeks, which is directed solely to the insufficiently alleged "conspiracy" and concerted action; and (4) in view of the extensive, ongoing regulation and monitoring of Stryker and others referenced in the Complaint *and already implemented by federal authorities specifically to redress the very alleged "kickback schemes" underlying plaintiff's allegations*, the requested injunctive relief would be pointless, wasteful, and likely counterproductive, and this Court should abstain from granting it.

Finally, the class claims should be dismissed because plaintiff does not allege any facts reflecting that she is a member of the putative class she describes.

## BACKGROUND AND SUMMARY OF PLAINTIFF'S CLAIMS

The individual defendants are related entities who fall under the corporate umbrella of the Stryker Corporation and are involved in the manufacturing of artificial hip and knee replacement products.  Complaint ¶¶ 1, 9-12.  Howmedica Osteonics Corporation and Stryker Sales Corporation are subsidiaries of the Stryker Corporation, and Stryker Orthopaedics is a division of the Howmedica Osteonics Corporation (collectively, "Stryker").  Complaint ¶¶ 9-12.

Plaintiff brings this action against Stryker on behalf of a putative class consisting of:

> All individuals who are, or at the relevant time were, residents of California, who either were uninsured or had a private health care insurance policy pursuant to which they paid a percentage of the total costs of surgical procedures, and who had hip or knee replacement surgery during the class period that involved the use of Stryker products.

Complaint ¶ 33.

Plaintiff alleges she is a resident of California who underwent hip replacement surgeries in June 2003 and May 2005 and that "[o]ne or more Stryker products were implanted or otherwise used in her surgeries." Complaint ¶¶ 8, 32. She also alleges she paid approximately $1,500 in "out-of-pocket expenses" for her surgeries, but conspicuously does not allege that all or any part of that $1,500 (1) was paid, directly or indirectly, for the Stryker products allegedly implanted or used during the surgeries or otherwise benefited Stryker in any way; or (2) reflected or resulted from wrongdoing by *anyone*, much less by Stryker.

Plaintiff also alleges that (1) Stryker was one of the "big five" manufacturers of hip and knee replacement devices, who together control almost 95% of the market for these products (Complaint ¶ 18); (2) Stryker and its four major competitors have each been engaged in "kickback schemes" with surgeons since 2002 (Complaint ¶¶ 1, 2, 22); and (3) these schemes allegedly involve consulting agreements through which each competitor paid certain unnamed surgeons for their loyalty and agreement to use that competitor's products exclusively. Complaint ¶¶ 1, 2, 24. Significantly, plaintiff does *not* allege that *her* surgeon was engaged in any such kickback agreement with Stryker.

Plaintiff's first cause of action alleges that Stryker and "unnamed co-conspirators" entered into a conspiracy "to create and maintain market dominance, resulting in artificially high prices for Stryker hip and knee surgery products" in violation of California's antitrust statute, the Cartwright Act, Cal. Bus. & Prof. Code §§ 16700, *et seq*. Complaint ¶¶ 46-51. Specifically, plaintiff alleges:

> Stryker and its unnamed co-conspirators committed acts that constituted prohibited conduct under the Cartwright Act, including without limitation making illegal agreements to reduce competition

> and to inflate the price and cost of Stryker hip and knee surgery products, unlawfully overcharging public health insurance programs in violation of the California False Claims Act as well as other statutes. Stryker's conduct has unfairly and unlawfully increased the price and cost of devices and other products used in hip and knee surgeries.

Complaint ¶ 48.

Plaintiff's second cause of action alleges that Stryker violated Section 17200 by engaging in "unlawful, unfair, and/or fraudulent business practices," including the alleged conspiracy described above. Complaint ¶¶ 52-56.

As we will show, because both causes of action fail to state a claim upon which relief may be granted, the Complaint should be dismissed.

## **ARGUMENT**

The Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A court may dismiss a complaint as a matter of law for: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal claim. *Smilecare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir.), *cert. denied*, 519 U.S. 1028 (1996). The district court is obliged to presume the plaintiff's factual allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

The Court is not required, however, to accept conclusory allegations in the complaint as true in considering its sufficiency; rather the court should examine whether conclusory allegations are supported by the description of facts alleged by the plaintiff. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). *See also, Adams*, 355 F.3d at 1183 (unwarranted inferences are insufficient to defeat a motion to dismiss).

## I. THE COURT SHOULD DISMISS COUNT ONE OF THE COMPLAINT BECAUSE PLAINTIFF FAILS TO PLEAD FACTS PLAUSIBLY SUGGESTING THAT STRYKER WAS PART OF A CONSPIRACY IN VIOLATION OF THE CARTWRIGHT ACT.

### A. Applicable Legal Standard

A plaintiff claiming violation of the Cartwright Act must allege: (a) the formation and operation of a conspiracy; (b) illegal acts done pursuant to the conspiracy; (c) a purpose to restrain trade; and (d) damages caused by these acts. *See Chicago Title Ins. Co. v. Great Western Financial Corp.*, 69 Cal. 2d 305, 318 (1968) ("General allegations of the existence and purpose of the conspiracy are insufficient and appellants must allege specific overt acts in furtherance thereof.").

Regarding the first prong, it is incumbent upon the plaintiff to allege the existence of an unlawful trust or combination: there cannot be a violation of the Cartwright Act without an agreement or conspiracy. *Chicago Title Ins. Co.*, 69 Cal. 2d at 318. Further, "[o]nly separate entities pursuing separate economic interests can conspire within the proscription of the antitrust laws against price fixing combinations." *Freeman v. San Diego Ass'n of Realtors*, 77 Cal. App. 4th 171, 189 (1999) (*citing Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769-71 (1984)). Thus, there can be no conspiracy to violate the antitrust laws between a parent and its subsidiary or a principal and its agent. *See id*.

The Supreme Courts of the United States and of California have both recognized that to plead an antitrust conspiracy claim requires "a complaint with enough factual matter (taken as true) to suggest that an agreement was made. An allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Bell Atlantic Corp v. Twombly* (*"Twombly"*), 127 S.Ct. 1955, 1958 (2007); *Freeman*, 77 Cal. App. 4th at 189 ("[a] general demurrer will be sustained where the complaint makes conclusory allegations of a combination and does not allege with factual particularity that separate entities maintaining separate and independent interests

combined for the purpose of restraining trade.").[2]  "Even 'conscious parallelism,' a common reaction of 'firms in a concentrated market [that] recogniz[e] their shared economic interests and their interdependence with respect to price and output decisions' is 'not in itself unlawful.'" *Twombly*, 127 S.Ct. at 1964 (*quoting Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 227 (1993)).  Accordingly, to state a claim, allegations of parallel conduct "must be placed in a context that raises a suggestion *of a preceding agreement*."  *Id.* at 1966 (emphasis added).

The United States Supreme Court dismissed the antitrust claims in *Twombly* because they (1) rested on descriptions of parallel conduct, and not upon independent allegations of an actual agreement among the defendants (*id*. at 1970 ("[a]lthough in form a few stray statements spoke directly of agreement, the statements were merely legal conclusions resting on the prior allegations.")); and (2) lacked the specificity required by Rule 8 of the Federal Rules of Civil Procedure (*see, id*. at 1971, fn. 10) ("The pleadings mentioned no specific time, place, or person involved in the alleged conspiracies" and "furnish[] no clue as to which of the four [defendants] (much less which of their employees) supposedly agreed, or when and where the illicit agreement took place.").  After noting that such a lack of specificity would leave a defendant seeking to respond to plaintiff's conclusory allegations with "little idea where to begin" (*id*.), the Court concluded that "nothing contained in the complaint invests either the action or inaction alleged with a *plausible* suggestion of conspiracy."  *Id*. at 1971 (emphasis added).

---

[2] As the Supreme Court of California noted in *Marin County Bd. of Realtors v. Palsson*, 16 Cal. 3d 920, 925 (1976): "A long line of California cases has concluded that the Cartwright Act is patterned after the Sherman Act and both statutes have their roots in the common law. Consequently, federal cases interpreting the Sherman Act are applicable to problems arising under the Cartwright Act."  *See also Chavez v. Whirlpool Corp*., 93 Cal. App. 4th 363, 369 (2001), *review denied*, (2002) ("Since the Cartwright Act and the federal Sherman Act share similar language and objectives, California courts often look to federal precedents under the Sherman Act for guidance.")

### B. Plaintiff Fails To Plead Facts Plausibly Suggesting That Stryker Was Part Of A Conspiracy In Violation Of The Cartwright Act.

Even accepting the factual allegations of the Complaint as true, plaintiff's Cartwright Act claim should be dismissed because it fails to allege facts plausibly suggesting that Stryker engaged in a conspiracy. While replete with conclusory allegations of "conspiracy" and "collusion," the complaint conspicuously fails to allege the time, place, or even the purported "co-conspirators" involved in the alleged conspiracy, much less facts suggesting any agreement, collusion, or concerted action among the alleged co-conspirators and Stryker.

Indeed, the only concerted action alleged is "cooperation" *among the Stryker defendants themselves*:

> 14. At all relevant times, Defendants, and each of them, in performing the acts alleged in this complaint, were acting as the agents, employees, and/or representatives of each other, and were acting within the full course and scope of their agency and employment with the full knowledge, consent, permission, authorization, and ratification, either express or implied, of each of the other Defendant.
>
> 15. Each of the Defendants has participated as members of the conspiracy, and has acted with or in furtherance of said conspiracy, or aided in carrying out the purpose of the conspiracy, and has performed acts and made statements in furtherance of the conspiracy and other violations of California law. Each of the Defendants acted both individually and in alignment *with other Defendants*, with full knowledge of their respectful wrongful conduct. As such, *the Defendants conspired together*, building on *each other's* wrongdoing, to accomplish the acts outlined in this complaint. Defendants are sued individually as principals, participants, and aiders and abettors in the wrongful conduct complained of; the liability of each arises from the fact that each has engaged in all or part of the improper acts, plans schemes, conspiracies, or transactions complained of herein.

Complaint ¶¶14-15 (emphasis added).

But "cooperation" among the Stryker defendants fails as a matter of law to allege a conspiracy. The complaint admits on its face that the Stryker defendants are all related entities – parents or subsidiaries of one another. Complaint ¶¶ 9-15. Accordingly, as a matter of law, they cannot conspire with each other because they are not separate, independent entities capable of combining their efforts to restrain trade in violation of the Cartwright Act. *See, e.g., Copperweld Corp.*, 467 U.S. at 769-71

1   (dismissing conspiracy claim: a wholly owned subsidiary could not conspire with its parent under the
2   Sherman Act because the two have "a complete unity of interest" and "share a common purpose whether
3   or not the parent keeps a tight rein over the subsidiary...."); *Bell Atlantic Business Systems v. Hitachi Data*
4   *Systems Corp.*, 849 F. Supp. 702, 707 (N.D. Cal. 1994) (holding it unnecessary to conduct a factual
5   inquiry if the facts show parent has legal control of its subsidiary); *Freeman*, 77 Cal. App. 4th at 189
6   ("entities must have separate and independent interests that are combined by the unlawful conspiracy.");
7   *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005) (holding that "[a]gents and employees of a
8   corporation cannot conspire with their corporate principal or employer where they act in their official
9   capacities on behalf of the corporation and not as individuals for their individual advantage.") (internal
10  quotation omitted); *see also, Palmer v. Gotta Have It Golf Collectibles, Inc.*, 106 F. Supp .2d 1289, 1299-
11  1301 (S.D. Fla. 2000); *Coast Cities Truck Sales, Inc. v. Navistar Internat. Transportation Co.*, 912 F.
12  Supp. 747, 764-766 (D.N.J. 1995); *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1131-35
13  (3d Cir. 1995); *Williams v. I.B. Fischer Nevada*, 999 F.2d 445, 447 (9th Cir. 1993).

14       Otherwise, the Complaint suggests, at most, "conscious parallelism" among competitors,
15  which *Twombly* held insufficient to plead an antitrust conspiracy. *Id*. at 1964. Here, as in
16  *Twombly*, the Complaint "mention[s] no specific time, place, or person involved in the alleged
17  conspiracies" and "furnish[es] no clue as to... [who] supposedly agreed, or when and where the
18  illicit agreement took place." *Twombly*, 127 S.Ct. at 1971 n.10. Accordingly, here, as in
19  *Twombly*, the antitrust conspiracy claim should be dismissed because "nothing contained in the
20  complaint invests either the action or inaction alleged with a *plausible* suggestion of conspiracy."
21  *Id*. at 1971 (emphasis added); *In re Late Fee and Over-Limit Fee Litigation*, 528 F.Supp.2d 953,
22  965 (N.D. Cal. 2007) (applying same analysis to a Cartwright Act claim); *Korea Kumho*
23  *Petrochemical v. Flexsys America LP*, 2008 WL 686834, *9 (N.D. Cal. March 11, 2008) (same).

24  **II.   THE COURT SHOULD DISMISS COUNT TWO OF THE COMPLAINT BECAUSE
25        IT FAILS TO PLEAD FACTS REFLECTING THAT STRYKER'S ALLEGED
          MISCONDUCT CAUSED PLAINTIFF ANY INJURY IN FACT OR THAT SHE IS
26        ENTITLED TO ANY RELIEF UNDER THE UNFAIR COMPETITION LAW**

27       To state a claim under the California Unfair Competition Law, Section 17200, a plaintiff
28  must allege an injury in fact to plaintiff, in the form of lost money or property, as a result of

1  some unfair, unlawful, or fraudulent business practice committed by the defendant.  *See*

2  *generally* Cal. Bus. & Prof. Code § 17200 *et. seq.; see also Hall v. Time, Inc.*, 158 Cal. App. 4th

3  847, 849 (2008).  In addition, as the California Supreme Court explained in *Korea Supply Co. v.*

4  *Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003), only two remedies are available to redress

5  violations of Section 17200: injunctive relief and restitution.  *Id*. at 1147.

6       Plaintiff's claim under Section 17200 should be dismissed for three reasons: First, the

7  Complaint fails to allege facts showing injury in fact or causation;  second, the Complaint fails to

8  allege facts warranting restitution from Stryker under Section 17200; and third, plaintiff is not

9  entitled to the injunctive relief she seeks, because (a) the Complaint fails to allege any factual

10 basis for, or plaintiff's standing to request, such relief, and (b) given the extensive regulation,

11 redress, and monitoring by federal authorities of the very "kickback schemes" underlying the

12 Section 17200 violation plaintiff alleges, the requested injunctive relief would be pointless and

13 likely counterproductive, and this Court should abstain from granting it.

14
     **A.**    **The Complaint Fails to Allege Facts Showing Either Injury in Fact or**
15               **Causation**

16      To plead the "injury in fact" required to state a claim under Section 17200, a plaintiff

17 must allege that the defendants' alleged misconduct caused her to: 1) expend money, 2) lose

18 money or property, or 3) be denied money to which she has a cognizable claim.  *See Hall v.*

19 *Time, Inc.*, 158 Cal. App. 4th at 854-55.

20      The Complaint alleges neither the necessary "injury in fact" nor that any such injury was

21 caused by Stryker's alleged "wrongful conduct."  In this regard, plaintiff alleges only that she

22 underwent hip replacement surgeries in June 2003 and May 2005, that "[o]ne or more Stryker

23 products were implanted or otherwise used in her surgeries," and that she "has paid

24 approximately $1,500 or more in out-of pocket expenses for the surgeries."  Complaint ¶ 32.

25 There is no allegation whatsoever that all or any part of the $1,500 or more plaintiff paid in out-

26 of-pocket expenses for the surgeries (1) was paid, directly or indirectly, for the Stryker products

27 implanted or used during the surgeries, as opposed to some other aspect of the surgeries

28 (surgeon's fees, anesthesiologist's fees, operating room fees, antibiotics and other medicines

1   used during the surgeries, post-operative rehabilitation, medications, nursing fees, etc.); (2)

2   benefited Stryker at all – directly or indirectly; or (3) reflected or resulted from any wrongdoing

3   by *anyone*, much less by Stryker.

4         Simply put, plaintiff has alleged no facts reflecting that she suffered any injury *at all*,

5   much less as a result of Stryker's alleged misconduct.

**B.  The Complaint Fails to Allege Facts Warranting an Award of Restitution**

7         To obtain restitution under Section 17200, a plaintiff must be an "[a]ctual direct victim[]

8   of unfair competition." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th at 1152. In

9   addition, "[t]he offending party [Stryker] must have obtained something to which it was not

10  entitled and the victim [plaintiff] must have given up something which he or she was entitled to

11  keep." *Day v. AT & T Corp.*, 63 Cal. App. 4th 325, 340 (1998) (emphasis original); *Feitelberg v.

12  Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1012-13 (2005).

13        Though the Complaint seeks an award of restitution (Complaint, Prayer for Relief ¶ 3), it

14  alleges no facts reflecting *any* of these essential elements of a claim for restitution under Section

15  17200. As demonstrated in Point I.A., *supra*, the Complaint alleges neither that plaintiff suffered

16  any injury (let alone a "direct" one) nor that Stryker "obtained" or otherwise benefited from the

17  $1,500 or more in out-of-pocket expenses that plaintiff allegedly paid for her hip replacement

18  surgeries. By the same token, the Complaint alleges no facts from which it could be reasonably

19  inferred that plaintiff was "entitled to keep" all or any part of the out-of-pocket expenses she

20  allegedly paid.

**C.  The Complaint Reflects that the Requested Injunctive Relief is Barred As a Matter of Law and, in Addition, that Abstention is Warranted by the Extensive Regulation, Redress, and Monitoring of the Alleged Kickback Schemes Already Implemented by Federal Authorities**

24        Though plaintiff seeks injunctive relief (Complaint, Prayer for Relief ¶ 4), such relief is

25  barred as a matter of law for several reasons. First, the injunction sought is directed *solely* to the

26  alleged "combinations, conspiracy, agreement, understanding, or concert of action as alleged

27  herein." *Id*. We have shown, however, that the Complaint fails to allege any actionable

28  conspiracy or concerted misconduct. *See* Point I, *supra*.

Second, because plaintiff alleges no injury caused by Stryker's alleged Section 17200 violation (*see* Point II.A, *supra*), she lacks standing to ask this Court to enjoin that alleged misconduct. *E.g., Hall*, 158 Cal. App. 4th at 849.

Finally, in view of the extensive regulation and monitoring of Stryker and others already implemented by federal authorities to redress the alleged "kickback schemes" underlying all of plaintiff's allegations,[3] the requested injunctive relief would be pointless and likely counterproductive, and this Court should abstain from granting it.[4]

In 2007, through its NPA with Stryker and DPAs with Stryker's competitors, the Department of Justice imposed a rigorous program of restrictions, disclosure, and comprehensive, ongoing federal monitoring to redress the very alleged "kickback schemes" with consultants that are at the heart of plaintiff's Section 17200 claim in this action. As described in the Press Release:

> Among the key requirements common to the DPAs and NPA:
>
> •A federal monitor will be in place at each company to review compliance with the DPAs and NPA and all new and existing consulting relationships with the companies;
>
> • Each company is required to conduct a needs assessment to determine the reasonable needs for educational consulting services, and new product-development consultants.
>
> • All new consulting agreements shall require physicians to disclose their financial engagements with any company to their

---

[3] *See* Non Prosecution Agreement ("NPA") between Stryker and the United States Attorney's Office for the District of New Jersey (the "Office") annexed to the Complaint as Exhibit A, and September 27, 2007 press release referenced in Complaint ¶¶ 20 & 21 (the "Press Release," a copy of which is attached as Exhibit A to the accompanying Declaration of William M. Goodman, Esq.), which describes that NPA and Deferred Prosecution Agreements ("DPAs") between the Office and each of Zimmer, Inc., Depuy Orthopaedics, Inc., Biomet Inc., and Smith & Nephew, Inc.

[4] As the Press Release is referenced in the Complaint (*see* Complaint ¶¶18, 20, 21, 26), the Court may properly consider it in deciding this motion. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007) (on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (*citing* 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)). Stryker respectfully requests that the Court do so.

> patients and require the companies to disclose the name of each
> consultant and what they have been paid on the company website.

*See* Declaration of William M. Goodman, Exhibit A, p. 4. The federal monitors appointed to insure compliance with these requirements and restrictions include, among others, former United States Attorney General John Ashcroft, former U.S. Attorney for the Central District of California Debra Yang, and former U.S. Attorney for the Southern District of New York David N. Kelley. *See id* pp. 2-3.

"It is well-established that a court of equity will abstain from employing the remedies available under the unfair competition law in appropriate cases." *Shamsian v. Department of Conservation*, 136 Cal. App. 4th 621, 641 (2006). Judicial abstention is appropriate in cases (1) when federal enforcement of the subject law would be "'more orderly, more effectual, [and] less burdensome to the affected interests'" (*e.g., People ex rel. Dept. of Transportation v. Naegele Outdoor Advertising Co.*, 38 Cal. 3d 509, 523 (1985)); and (2) where granting injunctive relief would be unnecessarily burdensome for the trial court to monitor and enforce given the availability of more effective means of redress (*e.g., Diaz v. Kay-Dix Ranch*, 9 Cal. App. 3d 588, 599 (1970)). *See generally Alvarado v. Selma Convalescent Hosp.*, 153 Cal. App. 4th 1292, 1297-98 (2007); *Desert Healthcare Dist. v. PacifiCare FHP, Inc.*, 94 Cal. App. 4th 781, 795 (2001).

Stripped of the its baseless, conclusory assertions of "conspiracy," the wrongdoing the Complaint alleges and seeks to enjoin is precisely that already targeted and fully redressed and supervised by the Department of Justice in a manner "more orderly and effectual" than injunctive relief that might be ordered by this Court. *People ex rel. Dept. of Transportation*, 38 Cal. 3d at 523. Such relief would, in any event, be "unnecessarily burdensome for [this] Court to monitor and enforce given the availability of [the] more effective means of redress" already implemented by the federal government. *Diaz*, 9 Cal. App. 3d at 599. Further, the injunctive relief plaintiff seeks might well conflict and interfere with the DOJ's ongoing regulatory program, which has been in place for almost a year. *See Shamsian*, 136 Cal. App. 4th at 642.

In short, plaintiff has failed to state a claim for injunctive relief under Section 17200 or to establish her standing to do so. And even if she could state a claim, abstention would be

warranted because, given the extensive efforts already undertaken by the United States Department of Justice, the requested injunction would be pointless, unnecessarily burdensome for the Court to monitor and enforce, and likely counterproductive.

### III. THE CLASS CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF DOES NOT PLEAD THAT SHE IS A MEMBER OF THE PURPORTED CLASS

As set forth above, plaintiff brings this action against Stryker on behalf of the following purported class:

> All individuals who are, or at the relevant time were, residents of California, *who either were uninsured or had a private health care insurance policy pursuant to which they paid a percentage of the total costs of surgical procedures*, and who had hip or knee replacement surgery during the class period that involved the use of Stryker products.

Complaint ¶ 33 (emphasis added).

Plaintiff, does not allege however, that she is a member of the purported class: while she claims to have paid approximately $1,500 in "out-of-pocket expenses" for her surgeries, she claims neither that she was "uninsured" nor that she "had a private health care insurance policy pursuant to which [she] paid [the $1,500 as] a percentage of the total costs of surgical procedures." *Id*. Plaintiff would not, therefore, be a proper representative of the class she seeks to represent. *See generally* Fed. R. Civ. P. 23(a); *see also J.P. Morgan & Co., Inc. v. Superior Court*, 113 Cal. App. 4th 195, 212 (2003) ("[A] class representative must be part of the class and possess the same interest *and suffer the same injury as the class members*.") (emphasis added and internal quotations omitted).

Accordingly, the Court should limit the Complaint solely to plaintiffs' personal allegations, all of which should be dismissed for the reasons we have shown.

## CONCLUSION

For all the foregoing reasons, we respectfully request that the Court dismiss the Complaint in its entirety.

DATED: June 5, 2008                    **KASOWITZ BENSON TORRES & FRIEDMAN LLP**


By: /s/ William M. Goodman
    WILLIAM M. GOODMAN

Attorneys for Defendants