UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**Aug 19, 2008**

FILED
CLERK'S OFFICE

**IN RE: HIP & KNEE IMPLANT MARKETING LITIGATION**                MDL No. 1973

**ORDER DENYING TRANSFER**

**Before the entire Panel**[*]:  Plaintiff in an action pending in the Northern District of California has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in that district.  This litigation currently consists of two actions pending in the Northern District of California and one action pending in the Southern District of New York, as listed on Schedule A.[1]  Plaintiff in the Southern District of New York action supports centralization, but responding defendants[2] oppose it.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time.  It is true that the three actions have a common factual backdrop – a federal investigation that found that companies in the hip and knee replacement industry had violated an anti-kickback statute by providing various financial benefits to physicians to induce them to exclusively use the products of their respective companies.  But the similarity between the two Northern District of California actions, on the one hand, and the Southern District of New York action, on the other, ends there.  Different defendants are sued in the New York action, and there is no allegation that they conspired with the defendants in the two California actions.  There also appears to be no risk of inconsistent class certification rulings, as the two California actions are brought on behalf of putative California classes, while plaintiff in the New York action sues on behalf of a putative class of New York residents.  The proponents of centralization have failed to convince us that any common questions of fact among these actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time.  Alternatives to transfer exist that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings.  *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

---

[*]    Judge Heyburn took no part in the disposition of this matter.

[1]    The Panel has been notified of two additional related actions.

[2]    Stryker Orthopaedics; Howmedica Osteonics Corp.; Stryker Corp.; Stryker Sales Corp.; Zimmer, Inc.; Zimmer Holdings, Inc.; and Zimmer US, Inc.

- 2 -

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
J. Frederick Motz
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |

**IN RE: HIP & KNEE IMPLANT MARKETING LITIGATION**                    MDL No. 1973

## SCHEDULE A

<u>Northern District of California</u>

Claire C. Haggarty v. Stryker Orthopedics, et al., C.A. No. 3:08-1609
Goldene Somerville v. Stryker Orthopedics, et al., C.A. No. 5:08-2443

<u>Southern District of New York</u>

Lola B. Thorpe v. Zimmer, Inc., et al., C.A. No. 1:08-3888