KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
William M. Goodman (SBN 61305)
wgoodman@kasowitz.com
Christopher J. McNamara (SBN 209205)
cmcnamara@kasowitz.com
101 California Street, Suite 2050
San Francisco, CA  94111
Telephone:  (415) 421-6140
Facsimile:  (415) 398-5030

STERN & KILCULLEN, LLC
Joel M. Silverstein (Pro Hac Vice)
Jeffrey Speiser (Pro Hac Vice)
Michael Dinger (Pro Hac Vice)
75 Livingston Avenue
Roseland, NJ  07068
Telephone: (973) 535-2627
Facsimile: (973) 535-9664

Attorneys for Defendants

# UNITED DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| GOLDENE SOMERVILLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STRYKER ORTHOPAEDICS (aka STRYKER ORTHOPEDICS; aka STRYKER ORTHOPEDICS, INC.); HOWMEDICA OSTEONICS CORPORATION; STRYKER CORPORATION; and STRYKER SALES CORPORATION,<br><br>Defendants. | Case No: 08-CV-02443-JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED CASE MANAGEMENT ORDER** |

Pursuant to Civil Local Rule 16-9, the parties submit the following Case Management Statement.

**JOINT CASE MANAGEMENT STATEMENT**

**1. Jurisdiction and Service:** Jurisdiction is proper in this Court pursuant to 28 U.S.C. Section 1332 because there is complete diversity of citizenship between the parties and the

1

1  matter in controversy exceeds the jurisdictional minimum of this Court, exclusive of interest and
2  costs.  Plaintiff Goldene Somerville is a resident of Santa Cruz County, California.  Defendant
3  Howmedica Osteonics Corporation is a New Jersey corporation whose principal place of
4  business is in New Jersey, and is commonly referred to as "Stryker Orthopaedics."  Defendant
5  Stryker Corporation is a Michigan corporation whose principal place of business is in Michigan.
6  Defendant Stryker Sales Corporation is a Michigan corporation whose principal place of
7  business is in Michigan.  There are no issues regarding service, personal jurisdiction or venue.

8  **2. Facts:**  The individual defendants are related entities who fall under the corporate
9  umbrella of the Stryker Corporation and are involved in the manufacturing of artificial hip and
10 knee replacement products.  Plaintiff underwent hip replacement surgery in May 2005 and
11 alleges that one or more Stryker products were implanted or otherwise used in her surgery.
12 Plaintiff claims that the Stryker products allegedly implanted or otherwise used in her surgery
13 were overpriced because around the time of her surgery, Stryker was allegedly engaged in a
14 conspiracy.  Plaintiff asserts that Defendants' alleged conduct violated: (1) the Cartwright Act,
15 Cal. Bus. & Prof. Code § 16700, *et seq.*; and (2) California's Unfair Competition Law, Cal. Bus.
16 & Prof. Code § 17200 *et. seq.*  Defendants deny liability for all claims.

17 **3. Legal Issues:**
18 The parties are in the early stages of discovery and have not yet identified all of the legal
19 issues in dispute at this time.  Among those presented by the pleadings, however, include,
20 without limitation, those set forth in Defendants' pending Motion to Dismiss Pursuant to Fed. R.
21 Civ. P. 12(b)(6), including whether: (1) the Complaint fails to allege facts demonstrating that
22 defendants were part of a conspiracy in violation of the Cartwright Act; (2) the Complaint fails to
23 allege facts showing injury in fact or causation; (3) the Complaint fails to allege facts warranting
24 restitution under California's Unfair Competition Law from defendants; and (4) the Court should
25 abstain from considering injunctive relief.

26 **4. Motions:**  On May 16, 2008, Defendants filed a Motion to Dismiss Pursuant to Fed.
27 R. Civ. P. 12(b)(6).  That motion is fully briefed and the Court is scheduled to hear oral argument
28 on January 9, 2009.

2
Joint Case Management Statement and Proposed Case Management Order; 08-cv-02443-JSW
Doc. 8017601

**5. Amendment of Pleadings:**  The parties propose a deadline for any amendments to the pleadings of February 27, 2009.

**6. Evidence Preservation:**  The parties have collected and taken all steps to maintain pertinent materials relevant to the issues in this action.

**7. Disclosures:**  The parties have agreed to exchange initial disclosures by February 13, 2009.  No motion has been submitted regarding this exchange, as Rule 26(a)(1)(C) allows the parties to stipulate to an extension of the deadline for exchanging Rule 26(a)(1) initial disclosures.

**8. Discovery:**  No discovery has been taken place.  The parties agree that the normal discovery rules should apply subject to the schedule set forth in Paragraph 17.

**9. Class Action:**

(1)     Plaintiff contends this action is maintainable as a class action under FCRP 23 – (a) that the purported class is so numerous a joinder is impracticable; (b) there are questions of law and fact common to the purported class; (c) the claims of the representative parties are typical of the claims of the purported class; and, (4) the representative parties will fairly and adequately protect the interest of the purported class.

Furthermore, pursuant to FRCP 23(b), Plaintiff believes the prosecution of separate actions by individual members of the purported class would create a risk of inconsistent adjudications with respect to individual members of the class which would establish standards of conduct for the party opposing the class.  Plaintiff also believes the court would find the questions of law or fact common to the members of the purported class predominate over any questions affecting only individual members and that a class action is superior to other available methods for fair and efficient adjudication of the controversy.

(2)     Plaintiff brings this action on her own behalf and as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following purported class:

All individuals who are, or at the relevant times were, residents of California who either were uninsured or had a private health care insurance policy pursuant to which they paid a

1  percentage of the total costs of surgical procedures, and who had hip or knee surgery during the
2  period that involved the use of Stryker products.
3          (3)     Plaintiff contends that, as alleged in the complaint, this case arises out of a
4  kickback scheme between defendants and physicians related to the use of defendants' orthopedic
5  products.  In 2007, the United States Attorney's Office investigation showed the kickbacks being
6  paid may have violated the Federal Anti-Kickback statutes.  The effect of the scheme was to
7  increase defendants' market share in the relevant orthopedic hip and knee market.  During the
8  relevant time period, Plaintiff estimates thousands of patients were provided and used Stryker
9  products.
10         (4)     The parties propose the following class certification briefing schedule:
11     February 27, 2009    Date on which discovery on class issues should be complete.
12     March 13, 2009       Last day for plaintiffs to file a motion for class certification.
13     April 3, 2009        Last day for defendants to file opposition to plaintiffs' motion for
14                          class certification.
15     April 10, 2009       Last day for plaintiffs to file reply brief in support of motion for
16                          class certification.

17     **10. Related Cases:**  This case is related to Case No. 3:08-cv-01609, which is also
18  currently pending before this court, as set forth in the June 4, 2008 Related Case Order [Docket
19  #9].
20     **11. Relief:** Plaintiffs seek compensatory damages, treble damages, and equitable relief,
21  including restitution and/or injunctive relief pursuant to California Business and Professions
22  Code Sections 16700, *et seq.*, and 17200, *et seq*.
23     **12. Settlement and ADR:**  The parties discussed options for the ADR process and
24  ultimately selected mediation.
25     **13. Consent to Magistrate Judge for All Purposes:**  The parties do not consent to have
26  a magistrate judge conduct all further proceedings.
27     **14. Other References:**  This case is not suitable to reference to binding arbitration, a
28  special master, or the Judicial Panel on Multidistrict Litigation.

1  **15. Narrowing of the Issues:** The parties have not yet engaged in discovery, but the
2  parties anticipate that many issues may be narrowed through discovery and motions to dismiss
3  and/or motions for summary judgment.

4  **16. Expedited Schedule:** This is not the type of case that can be handled on an
5  expedited basis with streamlined procedures.

6  **17: Scheduling:** The parties propose the following schedule:

7  February 13, 2009   Date on which disclosures required by Fed. R. Civ. P. 26(a) will be
8                       made.

9  February 27, 2009   Date by which any additional parties shall be joined and pleadings
10                      shall be amended.

11 September 30, 2009  Date by which fact discovery should be completed.

12 October 30, 2009    Date by which plaintiffs' expert reports should be filed.

13 December 4, 2009    Date by which defendants' expert report(s) should be
14                      filed.

15 January 29, 2010    Date by which depositions of all experts should be
16                      completed, with plaintiffs' experts to be deposed prior to
17                      defendants' experts.

18 ~~March 5, 2010~~     ~~Last day to file dispositive motions.~~  March 26, 2010 at 9:00 a.m. - last day to heard dispositive motions

19 ~~April 9, 2010~~     Pretrial conference.   May 17, 2010 at 2:00 p.m.

20 June 7, 2010 at 8:00 a.m.       Trial date.

21 **18. Trial:** ~~The parties~~ anticipate, subject to developments in the pretrial period, that the
22 trial will last 15 days.

23 **19. Disclosure of Non-party Interested Entities or Persons:** All parties have filed
24 Certificates of Interested Entities or Persons.

25 I hereby attest that I have on file all holographic signatures for any signatures indicated
26 by a "conformed" signature (/s/) within this efiled document.

27
28

5

Joint Case Management Statement and Proposed Case Management Order; 08-cv-02443-JSW

Doc. 8017601

DATED: December 31, 2008          **KABATECK BROWN KELLNER LLP**

By:     /s/ Richard L. Kellner
        Richard L. Kellner
        Counsel for Plaintiff

DATED: December 31, 2008          **KASOWITZ BENSON TORRES & FRIEDMAN LLP**

By:     /s/ William M. Goodman
        William M. Goodman

**STERN & KILCULLEN, LLC**
Joel M. Silverstein (Pro Hac Vice)
Jeffrey Speiser (Pro Hac Vice)
Michael Dinger (Pro Hac Vice)

Attorneys for Defendants

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order.

Dated: March 11, 2009

_____
The Honorable Jeffrey S. White