IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GOLDENE SOMERVILLE,

    Plaintiff,

v.

STRYKER ORTHOPAEDICS, ET AL,

    Defendants.

No. C 08-02443 JSW

**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Now before the Court is defendant Stryker Orthopaedics and its related corporations (collectively "Stryker")'s motion to dismiss the first amended complaint. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby DENIES IN PART AND GRANTS IN PART Stryker's motion to dismiss.

**BACKGROUND**

According to the first amended complaint, this action arises out of an allegedly pervasive kickback scheme orchestrated by defendant Stryker, one of the largest manufacturers of artificial hip and knee replacement devices. (First Amended Complaint ("FAC") at ¶ 1.) The alleged scheme involved Stryker's use of phony consulting agreements with orthopedic surgeons to disguise kickbacks paid to doctors and/or hospitals in return for their use of Stryker products in patients undergoing hip and/or knee replacement surgery.

Plaintiff, Goldene Sommerville, underwent hip replacement surgery for her right hip in June 2003 and the left hip in May 2005. One or more of the Stryker products were implanted or

otherwise used during the surgeries. (*Id.* at ¶ 31.)[1] Plaintiff alleges that, as a result of the alleged kickback scheme, she incurred higher out-of-pocket costs, including an increase in co-payments and health care premiums, for hip and/or knee surgery. (*Id.* at ¶¶ 31, 50.) This purported class action seeks damages based upon violation of California Unfair Competition law and unjust enrichment. The Court has previously dismissed Plaintiff's causes of action under the Cartwright Act.

The Court shall refer to additional facts as necessary in the remainder of this Order.

## ANALYSIS

### A. Legal Standard for Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must "provide the grounds of [its] entitlement to relief." *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1959 (2007) (citations omitted). In addition, the pleading must not merely allege conduct that is conceivable, but it must also be plausible. *Id.* at 1974.

### B. Claim Under California Unfair Competition Law.

In order to bring a claim for violation of California unfair competition law, California Business and Professions Code § 17200, *et seq.* ("Section 17200"), "a plaintiff must show

---

[1] Plaintiff Claire C. Haggarty in the related, and practically identically-pled suit, *Haggarty v. Stryker*, C08-1609 JSW, underwent hip replacement surgery as well and her case is adjudicated by this Order. To the extent the facts differ, the Court will so note throughout.

2

either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *See Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir. 2004) (quoting Cal. Bus. & Prof. Code § 17200). Remedies under Section 17200 generally are limited to injunctive relief and restitution. *See, e.g., Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 179 (1999).

Pursuant to Section 17200, "there are three varieties of unfair competition: practices which are unlawful, unfair or fraudulent." *Daugherty v. American Honda Motor Co., Inc*., 144 Cal. App. 4th 824, 837 (2006); *see also Albillo v. Intermodal Container Services, Inc*., 114 Cal. App. 4th 190, 206 (2003) (to state a UCL claim, a "plaintiff must establish that the practice is either unlawful (i.e., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is likely to deceive members of the public)").

Unlawful business activity includes "'anything that can properly be called a business practice and that at the same time is forbidden by law.'" *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992) (citing *Barquis v. Merchants Collection Ass'n*, 7 Cal. 3d 94, 113 (1972)).

Unfair simply means any practice whose harm to the victim outweighs any benefits. *Olsen v. Breeze, Inc.*, 48 Cal. App. 4th 608, 618 (1996). "The court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal. App. 4th 1388, 1425 n.15 (2002).

To state a cause of action under the fraudulent prong of Section 17200, it is necessary only to show members of the public are likely to be deceived; allegations of actual deception, and reasonable reliance are unnecessary. *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197, 211 (1983). Pleading a claim under the fraudulent prong of Section 17200 is not the same as pleading common law fraud; "[S]ection 17200 does not require a plaintiff to plead all of the elements of fraud." *In re Mattel, Inc.*, 588 F. Supp. 2d 1111, 1118 (C.D. Cal. 2008) (finding that the complaint with a fraudulent Section 17200 claim "neither specifically alleges fraud nor alleges facts that necessarily constitute fraud"). As the court found in *Mattel*, *Vess* does not require all claims under the fraudulent prong of Section

3

17200 to be plead with particularity. *Id.* In *Vess*, the plaintiffs' Section 17200 claim was predicated on a fraudulent scheme. *See Vess*, 317 F.3d at 1101. In contrast, in *Mattel*, the plaintiffs merely alleged representations that were likely to deceive and that the plaintiffs were damaged by the deception; "they [made] no effort to allege common law fraud elements such as intent to deceive or any overarching fraudulent scheme to defraud the individual [p]laintiffs or the public." *In re Mattel*, 588 F. Supp. 2d at 1118.

Plaintiff alleges that Stryker engaged in "a pervasive kickback scheme ... [using] phony consulting agreements with orthopedic surgeons to cleverly mask disguised kickbacks paid to doctors and/or hospitals in return for choosing a particular manufacturer's device to use during a patient's surgery. Rather than promote safety and effectiveness, the choice of medical device is thereby governed by the financial gain for doctors or hospitals, and the prospect of increased market share for the Defendant Stryker companies and their co-conspirators." (FAC at ¶ 1.) The complaint alleges that the scheme dates back at least to 2002 and, in October 2005, Stryker reportedly began cooperating with federal investigators which enabled federal officials to develop incriminating information on similar misconduct by the other four top manufacturers of hip and knee implants. (*Id.* at ¶ 2.) As a result of their cooperation, the United States Department of Justice entered into a Non Prosecution Agreement with Stryker, which provided that the company implement a new program with external oversight "designed to ensure compliance with federal health care program requirements, including the Anti-Kickback Statute, with respect to all of its dealings with Consultants, ... and others who cause the purchase of Company orthopedic products in the United States." (Non Prosecution Agreement, Ex. A to First Amended Complaint, at 1.)[2]

Plaintiff bases on her allegations of a pervasive kickback scheme primarily on the fact that Stryker settled with the Department of Justice and agreed to be monitored. (*See* Opp. Br. at

---

[2] Plaintiff attaches the Non Prosecution Agreement to her complaint. Defendant does not object to the inclusion of the document or this Court's review of the document in deciding the motion to dismiss. (*See* Reply at 4 n.2, citing *Telltabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007) (holding that on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").)

4

1.) Plaintiff alleges that the scheme violates numerous federal and state statutes, including the Anti-Kickback statute, 41 U.S.C. §§ 51 *et seq.*, California Business and Professions Code § 654.2 ("anti-kickback statute"), California Welfare and Institutions Code § 139.3, California Government Code § 12651 (California False Claims Act), the Medicare fraud statute, 42 U.S.C. § 1320a-7b), 42 U.S.C. § 1395nn, and the False Claims Act, 31 U.S.C. §§ 3720 *et seq.* (FAC at ¶ 49(1).) Based on the allegations in the complaint, which in this procedural posture the Court must take as true, Plaintiff has alleged a business practice that is forbidden by law. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (citing *Farmers Ins. Exchange v. Superior Court*, 2 Cal. 4th 377, 395 (1992).) On this basis, Plaintiff has satisfied the requirement of alleging unlawful conduct under Section 17200. Therefore, regardless of the other contentions of unfair and fraudulent conduct, because the requirement is conjunctive, the Court need not reach the other elements and finds Plaintiff has stated a cause of action under Section 17200.

Further, in order to state a claim under Section 17200, Plaintiff must have suffered an injury in fact and have lost money or property. Cal. Bus. & Prof. Code §17204; *see also Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 227 (2006) (holding that, after Proposition 64, a private person has standing to sue only if he or she "has suffered injury in fact and has lost money or property as a result of such unfair competition."). Here, Plaintiff alleges that the price she paid out of pocket for reimbursement of the costs of her surgery was inflated due to Stryker's alleged business practices. Therefore, Plaintiff has sufficiently alleged that she suffered an injury in fact and lost money.[3]

Accordingly, the Court DENIES Stryker's motion to dismiss Plaintiff's Section 17200 claim.

---

[3] Stryker makes the same argument in this iteration of its motion to dismiss, that is, that the various Stryker defendants and agents cannot conspire with each other. (*See* Motion at 8; *see also, e.g., Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769-771 (1984).) This is a non-issue. There can be, and there is, no allegation that there exists a conspiracy among the various named defendants. Plaintiff alleges the conspiracy, scheme, or agreement is between the Stryker defendants and the various unnamed orthopedic surgeons and hospitals who allegedly engaged in the scheme of promoting the manufacturer's orthopedic products, thereby increasing their costs.

5

**C. Claim for Unjust Enrichment.**

Plaintiff also sets out a claim for unjust enrichment under California law. However, because the Court finds that there is an alternative remedy under the alleged violations of Section 17200, there will be no occasion to resort to unjust enrichment as a separate claim. *See Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1999 (N.D. Cal. 2007). Therefore, the Court GRANTS Stryker's motion to dismiss the second cause of action for unjust enrichment.

## CONCLUSION

For the foregoing reasons, the Court DENIES IN PART AND GRANTS IN PART Stryker's motion to dismiss. Pending issuance of this order, Plaintiff filed an administrative motion to vacate dates and to set a case management conference. The Court finds this administrative motion well-taken and it is GRANTED. The parties shall appear for a case management conference on October 2, 2009 at 1:30 p.m. The parties shall file a joint case management statement by September 25, 2009 setting out new, proposed deadlines. The current dates are HEREBY VACATED and shall be reset by Court order following the case management conference.

**IT IS SO ORDERED.**

Dated: September 4, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE